In the Matter of the Petition of the PUBLIC SERVICE COMMISSION (State Division, Department of Public Service), Petitioner, for an Order of Mandamus Directing Compliance with an Order of Said Commission against THE LONG ISLAND RAILROAD COMPANY, Respondent.

Supreme Court, Special Term, Albany County, January 27, 1940.

*Gay H. Brown, Counsel to Public Service Commission* [*Sherman C. Ward* of counsel], for the petitioner.

*Louis J. Carruthers* [*William A. Colton* of counsel], for the respondent.

BERGAN, J. Since the provisions of section 57 of the Public Service Law, prescribing a summary proceeding by " mandamus " for the failure of a railroad corporation to conform with an order of the petitioner are to be integrated, so far as practicable, with the provisions of article 78 of the Civil Practice Act, it would seem that the time for the institution of the proceeding has long passed. (Civ. Prac. Act, § 1286.) It is provided (§ 1283) that whenever in any statute reference is made to a writ or order of mandamus, such reference shall, as far as practicable, be deemed to refer to the proceeding authorized by article 78. Accordingly, while the special procedural requirements of section 57 of the Public Service Law obtain as far as they are expressly provided, the general practice, including limitations of time, obtains in aspects of procedure in which the special statute is silent. This question, however, is expressly waived by the respondent upon the argument of the motion.

The respondent argues that the statute (Railroad Law, §§ 91 and 94) under which petitioner's order of April 7, 1931, was promulgated, is unconstitutional. Its property is being used, it is urged, not in the separation of a crossing at grade, but in improving a crossing already separated, solely for the purpose of facilitating highway traffic, and not at all for the elimination of a danger created by the operation of the railroad as such. The relocation of tracks and line, the building of facilities large and wide enough to accommodate traffic beyond the point of what might be regarded as minimum requirements for actually crossing the railroad property have from time to time been treated as a valid exercise of legislative power in the interests of public safety. I think that a provision for the enlargement of facilities already provided, made necessary in the light of experience showing inadequacy of those facilities, is not distinguishable in principle. I conclude, therefore, that the enactment of section 91 of the Railroad Law, providing for the alteration of existing facilities in the interest of public safety, is a valid exercise of legislative power, and the requirement that the railroad pay one-half the cost (§ 94, subd. 4) is reasonable.

Moreover, the respondent did not appeal from or review the original order and the orders approving the proposed plans. It had available to it a direct review in which its constitutional privileges and immunities could be considered, and the conflict of the statute or the orders with the Constitution passed upon. This is too late a day, I think, to complain of an invasion of fundamental rights under an order which the respondent has so long accepted in acquiescence.

It is also urged that the application should be denied as a matter of discretion; that the respondent's financial situation is progressively becoming more serious; that it is confronted by a great many pressing projects for grade separation of greater public importance; that the policy of the State is now to assume, substantially, the costs of grade separation projects and there is more reason why a project of the kind here considered should be financed by the State and that there is some possibility of a change of policy in this direction.

There is little room for judicial discretion upon these grounds, which are largely, if not entirely, legislative questions. It should be noted, however, that the assumption by the State of the main cost of grade crossing separation projects has operated to relieve the respondent and other railroads of a heavy financial burden.

The undisputed facts shown entitle the petitioner to relief as a matter of law. The orders were made in conformity with statute and the petitioner is entitled to enforce them. The refusal of relief in such a situation transcends what it has been usual to regard as judicial discretion. " The court shall render a final order granting the petitioner the relief to which it deems he is entitled." (Civ. Prac. Act, § 1300. See, also, Pub. Service Law, § 57.)

I think, however, that the enforcement of the order to be granted here may properly be withheld until the respondent has had a fair opportunity to apply to the Legislature for such relief against the assumption of one-half the costs as it may be advised.

Motion granted. No costs. Submit final order prior to February 1, 1940. The order shall provide that it is effective on May 1, 1940.